MARITA E. HYMAN, Appellant, v ALAN J. PIERCE et al., Respondents. [43 NYS3d 571]—

Lynch, J. Appeals (1) from an order of the Supreme Court (Faughnan, J.), entered March 11, 2015 in Madison County, which, among other things, partially denied plaintiff's motion to compel discovery, and (2) from an order of said court, entered April 23, 2015 in Madison County, which, among other things, denied plaintiff's motion to reargue.

In March 2013, plaintiff commenced this legal malpractice action against defendant Alan J. Pierce and his employer, Hancock and Estabrook, LLP, attorneys she retained to handle an appeal in a case she had pending before the Second Circuit Court of Appeals. In April 2014, the parties appeared at a preliminary conference, and Supreme Court directed that they complete all discovery by January 21, 2015. On January 5, 2015, plaintiff moved for an extension of time to complete discovery and to compel defendants to respond to certain document demands. In support of this motion, plaintiff submitted copies of correspondence wherein she requested that defendants produce a "copy of the complete file with an itemized table of contents of any and all unprivileged correspondences related in any manner" to her dealings with defendants and provide dates for depositions. Indisputably, defendants did not produce the requested documents, asserting that plaintiff already possessed the requested materials, and no depositions were completed. By an order entered in March 2015, Supreme Court denied plaintiff's motion to compel defendants to produce the requested documents, extended the existing schedule to allow the parties to complete depositions and directed plaintiff to file a note of issue within 90 days. Plaintiff filed a notice of appeal from this order and an April 2015 order denying her motion to reargue.

On July 31, 2015, Supreme Court (Cerio Jr., J.) issued an order directing defendants to provide an electronic copy of the requested discovery material. Plaintiff does not dispute that defendants have complied with that order but, instead, asserts that she was entitled to a paper copy of the documents. Since plaintiff has obtained copies of the documents that she

requested, albeit in electronic format, we agree with defendants that plaintiff's appeal from the March 2015 order must be dismissed as moot (see *Matter of Jewett v Ames*, 276 AD2d 892, 893 [2000]; *Matter of Franklin [International Bus. Machs. Corp.]*, 215 AD2d 759, 759 [1995]; *Middleton v State of New York*, 49 AD2d 989, 989 [1975]).

With regard to the April 2015 order, initially, we find that Supreme Court (Faughnan, J.) properly treated the motion as one to reargue because it was "based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion" (CPLR 2221 [d] [2]).* While plaintiff introduced new requests for sanctions in her motion, the court acknowledged the new claims and considered them separately at a later date. Accordingly, because the denial of a motion to reargue is not appealable, the appeal from this order must also be dismissed (see *Matter of Aurigemma v New York State Dept. of Taxation & Fin.*, 128 AD3d 1235, 1238 [2015]; *Matter of County of Broome*, 90 AD3d 1260, 1261 [2011]).

Peters, P.J., Devine, Clark and Aarons, JJ., concur. Ordered that the appeals are dismissed, as moot, without costs.

---

* We also reject plaintiff's claim that Justice Faughnan was required to recuse himself before deciding the motion to reargue (see *Matter of Adams v Bracci*, 100 AD3d 1214, 1215 [2012]; *Gonzalez v L'Oreal USA, Inc.*, 92 AD3d 1158, 1159 [2012], *lv dismissed* 19 NY3d 874 [2012]).